**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| GAYNELL WILSON, | * | |
| | * | |
| Plaintiff | * | |
| | * | Civ. No.: MJM-24-385 |
| v. | * | |
| | * | |
| BROTHERHOOD OF LOCOMOTIVE | * | |
| ENGINEERS AND TRAINMEN, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Self-represented plaintiff Gaynell Wilson ("Plaintiff") filed this civil action against defendant Brotherhood of Locomotive Engineers and Trainmen ("BLET"). (ECF 1). Currently pending are BLET's motion to dismiss (ECF 13) and Plaintiff's motion for leave to amend her Complaint (ECF 26). Both motions are fully briefed. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025). For reasons explained below, BLET's motion to dismiss Plaintiff's Complaint is granted, and Plaintiff's motion for leave to amend is denied. The Complaint is dismissed without prejudice.

## I.    PROCEDURAL HISTORY

Plaintiff filed the original Complaint against BLET on February 8, 2024. (ECF 1). BLET filed a motion to dismiss the Complaint on April 18, 2024. (ECF 13). Thereafter, Plaintiff filed a response in opposition to BLET's motion (ECF 16), and BLET filed a reply (ECF 19). On April 22, 2024, Plaintiff filed an Amended Complaint against AMTRAK, MARC, a/k/a National

1

Railroad Passenger Corporation ("Amtrak") and Alton Lamontagne, which superseded the original Complaint. (ECF 15). Plaintiff also filed a motion to vacate an arbitration decision, which bore a case caption listing the same parties as the Amended Complaint. (ECF 17). Upon review of the Amended Complaint and Plaintiff's motion, the Court discovered that the pleading and motion were identical to ones filed in a separate case pending before another judge in this district, *Wilson v. National Railroad Corp.*, Civ. No. JRR-22-2884, ECF 36, 49 & 67. On January 30, 2025, the Court issued an Order for Plaintiff to show cause why this case should not be dismissed as duplicative. (ECF 24).

On February 10, 2025, Plaintiff filed a response to the Order stating that the Amended Complaint was filed in this case in error (ECF 25), and she separately filed a motion for leave to file a Second Amended Complaint asserting claims against BLET (ECF 26). BLET filed a response in opposition to the motion to amend (ECF 27), and Plaintiff moved for an extension of time to reply (ECF 31). Thereafter, the Court entered an Order, *inter alia*, striking the Amended Complaint and the motion to vacate the arbitration decision as improvidently filed and granting Plaintiff an extension of time to file a reply in support of her motion to amend. (ECF 32). Plaintiff then filed a reply. (ECF 33).

## II.    FACTUAL BACKGROUND[1]

This case arises out of Plaintiff's longstanding employment with Amtrak as a Passenger Engineer and a dispute with BLET, her labor union, over the union's handling of a disciplinary proceeding and arbitration that arose from her termination. Plaintiff's pleadings leave unclear the specific circumstances surrounding her termination. However, Plaintiff attaches to her proposed

---

[1] The facts set forth herein are drawn from the allegations in Plaintiff's original Complaint, ECF 1 & 1-1; her proposed Second Amended Complaint, ECF 26-1; and attachments to the proposed Second Amended Complaint, ECF 26-2 & 26-3.

Second Amended Complaint the written decision of the Special Board of Adjustment 928 ("SBA"). ECF 26-3. That document includes a factual account of events leading up to Plaintiff's termination and her appeal of that decision. *Id.*

On September 26, 2021, Plaintiff operated a MARC commuter train, beginning work at 10:20 a.m. with a return trip scheduled for 7:03 p.m. *Id.* at 1. Plaintiff's crew was required to remain available and on property until 10:10 p.m. *Id.* But when Trainmaster Armstrong tried to contact a conductor on Plaintiff's crew, she was unable to reach him. *Id.* It was alleged that Plaintiff falsified hours she worked and abandoned her assignment on September 26, 2021. *Id.* at 2. Amtrak conducted a formal investigation, found Plaintiff in violation of its rules, and terminated her employment. *Id.* BLET appealed this decision, and the appeal was denied. *Id.* The dispute was presented to the SBA, which denied Plaintiff's claim by written decision dated May 15, 2023. *Id.* at 2–3.

Plaintiff initiated an Equal Employment Opportunity Commission ("EEOC") charge against BLET on November 17, 2023 (Charge No. 524-2023-02017), alleging discrimination based on race and sex, which, Plaintiff alleges, resulted in retaliation from Amtrak. ECF 26-1 at 1. Plaintiff contends that BLET breached its duty of fair representation by failing to enforce the protections set forth in the governing Collective Bargaining Agreement ("CBA") dated May 5, 2005, and by allowing an unjust and discriminatory arbitration process to occur. *Id.* at 3–5. Specifically, BLET failed to enforce the time limits for the SBA to render a decision, acted in bad faith by submitting a "deceptive" arbitration award, and made the statement, "They don't want me there," (referring to Plaintiff). *Id.* at 2, 6. Plaintiff alleges that these failures resulted in a failed arbitration and her continued termination. *Id.* at 6.

The arbitration hearing took place before SBA No. 928 on January 24, 2023. The hearing, Plaintiff alleges, was limited to two hours and did not permit the presentation of evidence related to her EEOC claims. ECF 26-1 at 3. Plaintiff alleges that neither the SBA nor any other hearing officer entertained her testimony on her EEOC claims, and the SBA made no findings of fact or conclusions of law as to those claims. *Id.*

Plaintiff attaches a section of the CBA, titled "Expedited Procedure for Handling Dismissal Cases," which states that the Board is required to "render a final and binding decision as promptly as possible, but not later than 30 days after the case is presented before the Board." ECF 26-2 at 1. Plaintiff alleges that the arbitrator's decision was not issued until May 15, 2023—well beyond the thirty-day limit. ECF 26-1 at 4. Plaintiff asserts that, under the CBA, a failure to timely render a decision requires that any assessed discipline be expunged. *Id.*; *see also* ECF 26-2 at 3 ("If the decision on the appeal is not rendered within the time limits set forth in this Rule or as extended, the discipline assessed will be expunged."). According to Plaintiff, BLET "failed to correct the Arbitrator's deceptive information which would have been instrumental to reinstating [her] employment." ECF 26-1 at 5. Plaintiff alleges that the union failed to remove outdated disciplinary records from her employment file, which resulted in what she describes as a "dishonest and fraudulent decision." ECF 1-1, ¶ 1.

Plaintiff contends that the arbitration award itself contains materially false and misleading information. ECF 26-1 at 4–5. Specifically, Plaintiff challenges the arbitrator's conclusion that her locomotive "did not move after 7:16 p.m." on the day in question. *Id.* at 5. She maintains that documentary evidence established that a MARC Trainmaster Armstrong made a phone call to her conductor at 7:18 p.m., and it would have been physically impossible for the train to be in motion at that time in the manner described. *Id.* Plaintiff further contends that BLET failed to enforce

CBA Rule 31, which governs meal breaks for Passenger Engineers. *Id.* On the day in question, Plaintiff was required to work an 11.5-hour shift without a meal or restroom break. *Id.*

In support of her discrimination and retaliation claims, Plaintiff alleges that she was treated differently from two male colleagues who were involved in the same incident. *Id.* at 1–2. Her conductor, Rodney Johnson, and her assistant conductor, Ramon Jackson, both African American males, were either reinstated or never formally terminated. *Id.* at 2. Johnson, she claims, was reinstated to his former position through the same arbitration process that upheld her termination, and Jackson received only a waiver and a final warning. *Id.* Plaintiff seems to allege that she was treated more harshly due to her sex or gender. *Id.* at 1, 6.

## III.    DISCUSSION

In both her initial Complaint and proposed Second Amended Complaint, Plaintiff appears to allege that BLET is liable for (1) breach of duty of fair representation; (2) sex discrimination; (3) race discrimination; and (4) retaliation. ECF 1 at 5–7; ECF 1-1; ECF 26-1. BLET has moved to dismiss the original Complaint under Rule 12(b)(6), arguing that it fails to state a claim for relief. BLET also opposes Plaintiff's motion for leave to amend, arguing that the proposed amendment is futile.

### A.  Standard of Review

#### 1.  Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a complaint to survive a 12(b)(6) motion to dismiss, the plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation modified). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* "[T]ender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (third alteration in *Iqbal*). When considering a motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (second alteration in *Folkes*). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff'"; rather, the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King*, 825 F.3d at 212, 214 (quoting *Twombly*, 550 U.S. at 570)).

### 2.  Motion for Leave to Amend

A party's amendment of its pleading is governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15 states that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B), if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a [Rule 12] motion, whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has endorsed a liberal approach to granting motions to amend, interpreting Rule 15(a) "to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (internal citations omitted).

Leave to amend should be denied as futile "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)). "Thus, it may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion." *Fox v. Statebridge Co., LLC*, Civ. No. SAG-21-01972, 2023 WL 1928224, at *2 (D. Md. Feb. 10, 2023) (citations omitted). However, futility is "a much less demanding standard" than that set by Rule 12(b)(6), *Morgan v. Coppin State Univ.*, Civ. No. SAG-20-0427, 2020 WL 6485083, at *2 (D. Md. Nov. 4, 2020) (quoting *Aura Light US Inc. v. LTF Int'l LLC*, Civ. Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017)), and "does not involve an evaluation of the underlying merits of the case," *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (cleaned up).

**B. Duty of Fair Representation**

In her Complaint, Plaintiff alleges that BLET "willfully violated the collective bargaining agreement by not reinstating my employment." ECF 1 at 6. She further alleges that "the arbitrator exceeded the time limits set forth to render a decision (30 days)." *Id.* Plaintiff also alleges that BLET "failed to remove[] old discipline off [her] employment record" and "failed to represent her fairly at arbitration" by failing to present CBA rules that discuss mandatory meal periods, hours of service laws, and qualifications. ECF 1-1. Plaintiff also calls the arbitrator's interpretation of that information presented about the 7:18 p.m. phone call "deceptive." *Id.* The Court construes these allegations as seeking to assert a claim for breach of duty of fair representation ("DFR"). Plaintiff appears to reassert the same DFR claim in her proposed Second Amended Complaint based largely on the same facts. *See generally* ECF 26-1.

This claim is time-barred by a six-month statute of limitations. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983) (holding that § 10(b) of the National Labor Relations Act's six-month period governs unfair labor practices claims, including certain breaches of duty of fair representation) (citing 29 U.S.C. § 160(b)); *Triplett v. Bhd. of Ry., Airline & S.S. Clerks, Freight Handlers, Exp. & Station Emps., Loc. Lodge No. 308*, 801 F.2d 700, 702 (4th Cir. 1986) (holding that "*DelCostello*'s six-month limitations period governs actions under the Railway Labor Act for breach of contract and breach of the union's duty of fair representation[,]" and affirming dismissal of DFR claim as time-barred).

Plaintiff's DFR claim accrued, at the latest, on May 15, 2023, when the SBA made the decision to uphold her termination. ECF 1 at 5. Plaintiff does not allege any conduct by BLET after May 15, 2023. Thus, Plaintiff had no later than November 15, 2023, to file her DFR claim. Plaintiff did not file her claim in the instant matter until February 2, 2024. Plaintiff's proposed

Second Amended Complaint does not cure this defect. Like the initial Complaint, the proposed

Second Amended Complaint alleges that the SBA made its decision to uphold the disciplinary

action against Plaintiff on May 15, 2023. ECF 26-1 at 6; ECF 26-3. It does not allege any conduct

by BLET in support of a DFR claim that occurred within the six-month limitation period.

Accordingly, the DFR claim in the initial Complaint is time-barred and must be dismissed, and the

DFR claim in the proposed Second Amended Complaint is futile.

### C.  Race and Sex Discrimination and Retaliation

In both the initial Complaint and proposed Amended Complaint, Plaintiff alleges that

BLET engaged in race and sex discrimination and retaliation.

Under federal law, it is

> an unlawful employment practice for a labor organization—
>
> (1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin;
>
> (2) to limit, segregate, or classify its membership or applicants for membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (3) to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

42 U.S.C. § 2000e-2(c).

Plaintiff's discrimination claims fail because she does not allege any facts to support a

reasonable inference that BLET took any action against her, or failed to take any action it was

required to take, for discriminatory reasons—i.e., on account of Plaintiff's race, sex, or gender.

*See Sledge v. Liuna Loc. 11*, Civ. No. DKC 20-3384, 2023 WL 3043767, at *5 (D. Md. Apr. 21,

2023) (citing *Murphy v. Adams*, Civ. No. DKC 12-1975, 2014 WL 3845804 (D. Md. Aug. 4, 2014)). Plaintiff's allegation that some unidentified BLET representative stated, "They don't want me here," ECF 26-1 at 6, does not suffice to support an inference of discriminatory treatment. The statement reflects no mention of Plaintiff's race or sex; it does not even identify who "they" references.

An inference of discriminatory intent may be supported "similarly-situated employees outside the protected class received more favorable treatment." *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004). Here, Plaintiff does not allege in her initial Complaint or her proposed amendment that anyone outside of her race received more favorable treatment.

Plaintiff does allege that a male conductor was involved in the same incident that led to her termination, but he was reinstated. ECF 1-1; ECF 26-1 at 4, 6, 8. In her proposed Second Amended Complaint, she alleges that another male colleague was not terminated at all. *Id.* at 4. But Plaintiff does not allege enough facts to support a reasonable inference that either colleague was similarly situated to Plaintiff. "'[W]here a plaintiff attempts to rely on comparator evidence to establish circumstances giving rise to an inference of unlawful discrimination,' the plaintiff must demonstrate that the comparator is similarly situated in all relevant respects." *Gaines v. Baltimore Police Dep't*, 657 F. Supp. 3d 708, 735 (D. Md. 2023) (quoting *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 748 (4th Cir. 2017), *as amended* (Aug. 11, 2017)); *see also Asi v. Info. Mgmt. Grp., Inc.*, Civ. No. GLR-18-3161, 2019 WL 4392537, at *6 (D. Md. Sept. 13, 2019) (pleading disparate-treatment discrimination claim requires plaintiff to "identify the proposed comparator and establish a plausible basis for believing the employee was actually similarly situated"). Plaintiff alleges in her initial Complaint that the conductor was "the person responsible for the train and crew and responsible for the communication breakdown that night." ECF 1-1.

However, the pleading is silent as to what BLET did to treat the conductor differently. Plaintiff's allegation that that "[t]he Union has brought back the conductor," ECF 1-1, does not provide enough facts to support the inference that BLET is responsible for discrimination. Plaintiff leaves unclear, for example, what misconduct was alleged against her two male colleagues, whether BLET was the union represented them in connection with any disciplinary proceedings, and, if so, what BLET did for the two male colleagues that it failed to do for Plaintiff.

Plaintiff's retaliation claim similarly fails. "In order to make out a claim for retaliation, Plaintiff must show '(i) that [she] engaged in protected activity, (ii) that [the labor organization] took adverse action against [her], and (iii) that a causal relationship existed between the protected activity and the adverse . . . activity.'" *Sledge*, 2023 WL 3043767, at *8 (quoting *Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015); *see also Beck-Pell v. Sheet Metal Workers Loc. #100*, Civ. No. PWG-17-2329, 2019 WL 3841935, at *7 (D. Md. Aug. 15, 2019). Again, Plaintiff fails to allege enough facts to support a reasonable inference that BLET took any retaliatory action against her. In her proposed Second Amended Complaint, Plaintiff states that BLET engaged in retaliation by "allowing the Arbitrator to submit a deceptive Arbitration Award and failed (sic) to adhere to the time limits set forth to render a decision governed by the 'CBA' which would have been instrumental in reinstating [Plaintiff's] employment." ECF 26-1 at 6. However, both the original Complaint and the proposed amendment leave unclear what role BLET played in "allowing" the SBA to make the decision it did and what protected activity BLET's actions were in retaliation for. The allegations in the pleadings do not support a reasonable inference of retaliation. To the contrary, Plaintiff alleges that the conductor engaged in "protected rights activity" but received more favorable treatment.

Throughout both pleadings, Plaintiff seems to attribute the actions of Amtrak and the SBA to BLET, but they do not contain enough facts to show that BLET is liable for either Amtrak's decision to terminate Plaintiff's employment or SBA's decision to uphold that action.

In sum, Plaintiff fails to allege enough facts to support any plausible claim for race or sex discrimination or retaliation by BLET. Accordingly, the discrimination and retaliation claims in the initial Complaint must be dismissed, and those in the proposed Second Amended Complaint are futile.

## IV.    CONCLUSION

In sum, the Court finds that the initial Complaint must be dismissed for failure to state a plausible claim for relief, and leave to amend must be denied because the proposed amendment is futile. However, in consideration of Plaintiff's pro se status, she will be afforded a final opportunity to present an amended pleading that satisfies the pleading standards explained in this Memorandum Order. Plaintiff shall be granted 28 days to file another motion for leave to amend, attaching a copy of the proposed amended pleading. The Court notes that the proposed amendment supersedes all prior pleadings and therefore must include all facts Plaintiff seeks to present in support of her claims. If Plaintiff does not file a timely motion for leave to amend, this case shall be closed.

Accordingly, it is by the United States District Court for the District of Maryland, hereby ORDERED that:

1.  BLET's motion to dismiss (ECF 13) is GRANTED;

2.  The Complaint (ECF 1) is DISMISSED WITHOUT PREJUDICE;

3.  Plaintiff's motion for leave to amend (ECF 26) is DENIED;

4.  Plaintiff shall file any renewed motion for leave to amend her pleading no later than **October 27, 2025**;

5.  The Clerk shall send a copy of this Memorandum Order to Plaintiff and to counsel of

    record.

It is so ORDERED this  29th  day of September, 2025.

                                           _____/S/_____

                                           Matthew J. Maddox
                                           United States District Judge