IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **GAYNELL WILSON,** | * | |
| | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civ. No.: MJM-24-385** |
| **v.** | * | |
| | * | |
| **BROTHERHOOD OF LOCOMOTIVE** | * | |
| **ENGINEERS AND TRAINMEN,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

This matter is before the Court on plaintiff Gaynell Wilson's ("Plaintiff") Motion for Leave to File Amended Complaint, ECF No. 35, and defendant Brotherhood of Locomotive Engineers and Trainmen's ("BLET") Motion to Strike Plaintiff's Declaration, ECF No. 42. No hearing is necessary to resolve the motions. *See* Local Rule 105.6 (D. Md. 2025). For reasons explained below, Plaintiff's motion is granted as to her claim for breach of duty of fair representation (Count I) and denied as to her Title VII claims (Counts II, III, and IV), and BLET's motion to strike is granted.

## I.     PROCEDURAL HISTORY

By Memorandum Order dated September 29, 2025, this Court granted a motion to dismiss filed by BLET, dismissed Plaintiff's Complaint without prejudice, denied Plaintiff's prior motion for leave to amend, and set a deadline for Plaintiff to file any renewed motion for leave to amend.

1

ECF No. 34.[1] Thereafter, Plaintiff filed the now-pending motion for leave to amend, ECF No. 35, to which BLET has filed a response in opposition, ECF No. 37, and Plaintiff has replied, ECF No. 39. After filing her reply, Plaintiff filed a declaration in support of her motion, ECF No. 40, which BLET has moved to strike, ECF No. 42, and Plaintiff has filed a response in opposition to BLET's motion, ECF No. 43.

## II.    FACTUAL BACKGROUND[2]

This case arises out of Plaintiff's employment with Amtrak and a dispute with BLET, her labor union, over the union's handling of a disciplinary proceeding and arbitration that arose from her termination.

On September 26, 2021, Amtrak Road Foreman Dave Herring, a white male, falsely alleged that Plaintiff falsified time records and abandoned her assignment when she took a "protected activity" lunch break. *Id.* at 2. As a result, Amtrak terminated Plaintiff's employment. *Id.* at 3.

The dispute over Plaintiff's termination was presented to the Special Board of Adjustment 928 ("SBA"), which denied Plaintiff's claim by written decision dated May 15, 2023. *Id.* Plaintiff contends that the written decision is "full of lies and omissions upholding Plaintiff's termination with NO proof[,]" and that it "was untimely under the governing Collective Bargaining Agreement ('CBA'), which required a decision within 30 days." *Id.* According to Plaintiff, her discipline should have been expunged due to the SBA's untimely decision, but BLET representative Mark Kenney "failed to enforce Plaintiff's contractual rights." *Id.* Kenney also failed to present evidence

---

[1] The procedural history of this case is summarized in that Memorandum Order, and that summary is incorporated here by reference.

[2] The facts set forth herein are drawn from the allegations in Plaintiff's proposed amended complaint, ECF No. 35-1, and declaration, ECF No. 40.

of Plaintiff's discrimination and retaliation claims during arbitration and "failed to remove outdated disciplinary records from Plaintiff's employment file[,]" which Plaintiff contends allowed for disciplinary charges "that were prejudiced against" Plaintiff. *Id.* Kenney made remarks, including, "They don't want me there," (referring to Plaintiff), which Plaintiff claims was discriminatory. According to Plaintiff, "they" refers to Herring and his peers, and Kenney offered the foregoing statement "as an excuse as to why he was not going to help [P]laintiff (a paying union member) get her employment reinstated . . . ." *Id.* at 3–4.

Plaintiff initiated an Equal Employment Opportunity Commission ("EEOC") charge against BLET on November 17, 2023 (Charge No. 524-2023-02017), alleging discrimination based on race and sex, retaliation, and violation of the duty of fair representation ("DFR"). *Id.* at 4. EEOC later issued a notice of Plaintiff's right to sue. *Id.* Plaintiff contends that Kenney "acted in bad faith (extremely deceptive), arbitrarily, and discriminatorily in failing to represent her fairly, enforce the CBA, and protect her rights as a union member." *Id.*

In support of her discrimination claims, Plaintiff alleges that she was treated differently from two male colleagues who were involved in the same incident. *Id.* at 1–2. Her conductor, Rodney Johnson, and her assistant conductor, Ramon Jackson, both males, were either reinstated or never formally terminated. *Id.* at 2. Plaintiff contends that she "was singled out for termination." *Id.* She claims that Johnson "was responsible for the train and crew" and was "similarly situated" to Plaintiff because they were both crew members at the "same level[.]" *Id.*

## III.    PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

### A.  Standard of Review

A party's amendment of her pleading is governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15 states that "[a] party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or (B), if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a [Rule 12] motion, whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has endorsed a liberal approach to granting motions to amend, interpreting Rule 15(a) "to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (internal citations omitted).

Leave to amend should be denied as futile "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)). "Thus, it may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion." *Fox v. Statebridge Co., LLC*, Civ. No. SAG-21-01972, 2023 WL 1928224, at *2 (D. Md. Feb. 10, 2023) (citations omitted). However, futility is "a much less demanding standard" than that set by Rule 12(b)(6), *Morgan v. Coppin State Univ.*, Civ. No. SAG-20-0427, 2020 WL 6485083, at *2 (D. Md. Nov. 4, 2020) (quoting *Aura Light US Inc. v. LTF Int'l LLC*, Civ. Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017)), and "does not involve an evaluation of the underlying merits of the case," *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (cleaned up).

**B. Analysis**

In her proposed amended complaint, Plaintiff seeks to assert claims against BLET for breach of DFR under the Railway Labor Act (Count I), as well as race discrimination (Count II),

sex discrimination (Count III), and retaliation (Count IV) under Title VII of the Civil Rights Act of 1964. Upon review of the proposed pleading and the parties' arguments, the Court finds Plaintiff's Title VII claims to be futile; however, her breach of DFR claim is not clearly insufficient and shall be allowed to proceed under the liberal standard of Rule 15(a)(2).

### 1.  Breach of Duty of Fair Representation

The DFR is breached when, in its representation of its members, a union takes actions that are "arbitrary, discriminatory, or in bad faith[.]" *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (quoting *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)). "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness[]' . . . as to be irrational." *Id.* (quoting *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953)). In her proposed amended complaint, Plaintiff alleges that BLET acted arbitrarily and in bad faith in failing to enforce her right under the CBA to have her discipline expunged based upon the SBA's untimely decision and in failing to challenge that decision while offering as an "excuse" for this failure the fact that Herring "and his peers" did not want Plaintiff at the workplace. ECF No. 35-1 at 3–4. These facts are not "clearly insufficient" to support a claim for breach of DFR. *Johnson*, 785 F.2d at 510.

In its prior Memorandum Order, ECF No. 34 at 8–9, this Court dismissed the DFR claim asserted in Plaintiff's initial Complaint as time barred, noting the six-month statute of limitations that applies to such claims, *see DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983) (citing 29 U.S.C. § 160(b)); *Triplett v. Bhd. of Ry., Airline & S.S. Clerks, Freight Handlers, Exp. & Station Emps., Loc. Lodge No. 308*, 801 F.2d 700, 702 (4th Cir. 1986)). But it is not entirely clear from Plaintiff's proposed amended complaint when her claim for breach of DFR accrued.

> "The general rule is that a cause of action accrues when the plaintiff knows or should have known that a violation of his rights has

occurred." *Gilfillan v. Celanese Ag,* 24 F. App'x 165, 167 (4th Cir.2001). This standard is objective. *Dement v. Richmond, Fredericksburg & Potomac R.R. Co.*, 845 F.2d 451, 460–61 (4th Cir.1988). "Generally speaking, a cause of action for breach of the duty of fair representation accrues at the point where the grievance procedure has been exhausted or otherwise breaks down to the employee's disadvantage." *Dement,* 845 F.2d at 460 (citation and internal quotation marks omitted). Thus, an employee knows or should have known that the violation of his rights occurred where the union notifies him that it will not pursue his appeal further. *See Adams v. Budd Co.,* 846 F.2d 428, 431 (7th Cir.1988) (citation and internal quotation marks omitted) ("The six-month limitations period begins to run ... from the time the employee discovers ... that no further action would be taken on his grievance."); *Stafford v. Ford Motor Co.,* 835 F.2d 1227, 1233 (8th Cir.1987) ("[T]he timeliness of Stafford's claim against the union for breach of its duty of fair representation should be measured from the date he exhausted the UAW internal appeals process.").

*Lewis v. Washington Metro. Area Transit Auth.*, Civ. No. AW-11-00997, 2013 WL 3322292, at *4 (D. Md. June 28, 2013). Here, it is not clear from the face of the proposed amended complaint when she was notified of the SBA's decision and BLET's decision not to challenge that decision as untimely, unsupported by the evidence, and based upon factual errors. Therefore, the Court cannot find that the claim for breach of DFR asserted in the proposed amended complaint is clearly time barred.

"Because failure to meet the statute of limitations is an affirmative defense," a court "generally" cannot reach the merits of this defense "unless 'the amended complaint sets forth on its face the facts necessary to conclude that plaintiff's claims are barred by the statute of limitations.'" *Gelin v. Baltimore Cnty., Maryland*, Civ. No. GLR-16-3694, 2017 WL 3868530, at *3 (D. Md. Sept. 5, 2017) (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007)). *See also Malkani v. Clark Consulting, Inc.*, 727 F. Supp. 2d 444, 451 (D. Md. 2010), *aff'd*, 441 F. App'x 164 (4th Cir. 2011) (cleaned up) ("[I]t is inappropriate to consider an affirmative defense such as the statute of limitations question on a motion to dismiss unless 'all facts necessary to rule

6

on the affirmative defense clearly appear on the face of the complaint[.]'"); *Aegis Bus. Credit, LLC v. Brigade Holdings, Inc.*, Civ. No. AAQ-21-00668, 2022 WL 3716543, at *5 (D. Md. Aug. 29, 2022) (citing *CX Reinsurance Co. Ltd., v. Leader Realty Co.*, 219 F. Supp. 3d 542, 546 (4th Cir. 2016)) ("At the motion to dismiss stage, a plaintiff is not obligated to present facts addressing affirmative defenses that a defendant may have."). It would be premature for this Court to find Plaintiff's proposed breach of DFR claim to be time barred without the facts necessary to conclude that the claim accrued more than six months before Plaintiff filed suit. It is not clear from the face of the proposed amended complaint that Plaintiff's breach of DFR claim "cannot withstand a Rule 12(b)(6) motion." *Fox*, 2023 WL 1928224, at *2. Accordingly, the Court does not find Plaintiff's breach of DFR claim to be futile.

### 2. Race and Sex Discrimination and Retaliation

Plaintiff separately asserts claims under Title VII for race discrimination, sex discrimination, and retaliation. Title VII provides that it is

> an unlawful employment practice for a labor organization—
>
> (1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin;
>
> (2) to limit, segregate, or classify its membership or applicants for membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (3) to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

42 U.S.C. § 2000e-2(c). It is also unlawful "for a labor organization to discriminate against any member thereof . . . because [s]he has opposed" employment practices made unlawful by Title VII or participated in a Title VII "investigation, proceeding, or hearing . . . ." 42 U.S.C. § 2000e-3(a).

Plaintiff's Title VII race and sex discrimination claims are futile because she does not allege any facts to support a reasonable inference that BLET took any action against her, or failed to take any action it was required to take, for discriminatory reasons—i.e., on account of Plaintiff's race, sex, or gender. *See Sledge v. Liuna Loc. 11*, Civ. No. DKC 20-3384, 2023 WL 3043767, at *5 (D. Md. Apr. 21, 2023) (citing *Murphy v. Adams*, Civ. No. DKC 12-1975, 2014 WL 3845804 (D. Md. Aug. 4, 2014)).

Plaintiff alleges that Herring, a white male Amtrak employee, falsely accused her of falsifying time records and abandoning her assignment. She further alleges that Kenney, a BLET representative, who also happens to be a white male, told her that Herring and his peers did not want Plaintiff at the workplace. These facts are "clearly insufficient" to support any inference of discriminatory animus or treatment by the BLET representative based on race or sex.

An inference of discriminatory intent may be supported when "similarly-situated employees outside the protected class received more favorable treatment." *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004). Plaintiff alleges that male co-workers Johnson and Jackson, who were involved in the same workplace incident as Plaintiff, received more favorable treatment insofar as their employment was reinstated or they were never terminated.[3] But Plaintiff does not allege any facts to support an inference that BLET had any role in Johnson's or Jackson's disciplinary proceedings or in Amtrak's decision to reinstate either employee or not to fire them. The allegations in the proposed amended complaint do not indicate or suggest any discriminatory

---

[3] The Court notes that only one of these two co-workers, Johnson, is alleged to be similarly situated to Plaintiff.

treatment *by BLET* based on how Johnson and Jackson were treated *by Amtrak*. It is readily apparent that the race and sex discrimination claims proposed in the amended complaint would not survive a motion to dismiss and are therefore futile.

Plaintiff's proposed Title VII retaliation claim fares no better. "In order to make out a claim for retaliation, Plaintiff must show '(i) that [she] engaged in protected activity, (ii) that [the labor organization] took adverse action against [her], and (iii) that a causal relationship existed between the protected activity and the adverse . . . activity.'" *Sledge*, 2023 WL 3043767, at *8 (quoting *Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015); *see also Beck-Pell v. Sheet Metal Workers Loc. #100*, Civ. No. PWG-17-2329, 2019 WL 3841935, at *7 (D. Md. Aug. 15, 2019). Here, Plaintiff alleges that BLET retaliated against her "by failing to adequately represent her, allowing a deceptive arbitration award to stand, and refusing to enforce the CBA's protections." ECF No. 35-1 at 6. But, as in her prior pleadings, Plaintiff's newly proposed amended complaint fails to allege facts to support a reasonable inference that BLET took any of the foregoing actions in retaliation for Title VII protected activity. The only Title VII protected activity alleged in the proposed amended complaint is Plaintiff's filing of discrimination and retaliation charges with the EEOC. Plaintiff does not allege that BLET took any adverse action or made any adverse decision against her after she filed these charges, and it is impossible that Plaintiff's filing of these charges caused adverse actions and decisions that BLET made before the charges were filed, including its refusal to challenge the SBA's decision.

Plaintiff casts the lunch break she took on September 26, 2021, as "protected activity," ECF No. 35-1 at 2, but taking a lunch break does not constitute opposing workplace discrimination under Title VII or participating in a Title VII proceeding. There is no indication that any right

Plaintiff had to take a lunch break was one created or supported by Title VII or that any adverse action BLET took against her was caused by Plaintiff's exercise of any such right.

In sum, Plaintiff's proposed Title VII claims are clearly insufficient and futile.

## IV.    BLET'S MOTION TO STRIKE DECLARATION

BLET moves to strike a declaration Plaintiff filed in support of her proposed amended complaint after briefing of her motion for leave to amend was completed. This motion is granted. In its Memorandum Order, the Court gave Plaintiff until October 27, 2025, to file her motion for leave to amend. Her declaration was not filed until February 24, 2026. Rule 15(d) provides that a court may, "on just terms," allow a party to supplement her pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). But the facts set forth in Plaintiff's declaration all occurred before she filed suit and, therefore, were known to her when she moved for leave to amend. No explanation is offered as to why any new facts contained in the declaration were not set forth in Plaintiff's proposed amended complaint or any other pleading she previously submitted in this case.

Moreover, even if they were accepted, the new facts stated in the declaration do not rescue Plaintiff's Title VII claims. In the declaration, Plaintiff references instances of "[h]arassment" by a supervisor and a BLET representative and "[r]etaliation" by Herring. But no explanation is offered as to how conduct by an Amtrak supervisor or Herring is attributable to BLET. Plaintiff claims that a male BLET representative (not Kenney) made a lewd remark about women, ECF No. 40-1, but she provides no context for this comment. The comment standing alone is clearly insufficient to support any plausible Title VII claim for sex-based harassment. *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)) ("Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work

environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview."). And, without any proper context—and, therefore, any proper place in this litigation—Plaintiff's statement about the lewd remark amounts only to "immaterial, impertinent, or scandalous" surplusage that may properly be stricken under Federal Rule of Civil Procedure 12(f).

## V.   CONCLUSION

For the foregoing reasons, it is by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 35) is GRANTED IN PART and DENIED IN PART;

2. The Clerk SHALL ENTER Plaintiff's proposed amended complaint (ECF No. 35-1) as her operative Third Amended Complaint in this matter;

3. Count I for breach of duty of fair representation under the Railway Labor Act SHALL PROCEED;

4. Counts II, III, and IV for Title VII violations are DISMISSED WITHOUT PREJUDICE;

5. BLET's Motion to Strike Plaintiff's Declaration (ECF No. 42) is GRANTED;

6. Plaintiff's declaration (ECF No. 40 & 40-1) is STRICKEN;

7. BLET SHALL FILE a response to the amended complaint no later than **May 28, 2026.**

It is so ORDERED this 8th day of May, 2026.

_____/S/_____
Matthew J. Maddox
United States District Judge

11