**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **GAYNELL WILSON,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civ. No.: MJM-24-385** |
| **BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN,** | * | |
| **Defendant.** | * | |

* * * * * * * * * *

# MEMORANDUM OPINION

This matter is before the Court on defendant Brotherhood of Locomotive Engineers and Trainmen's ("Defendant" or "BLET") motion for summary judgment, ECF No. 51, and plaintiff Gaynell Wilson's ("Plaintiff") motion to defer consideration of BLET's motion, ECF No. 55, and motion for leave to supplement the record, ECF No. 59. The motions are fully briefed. No hearing is necessary to resolve them. *See* Loc. R. 105.6 (D. Md. 2025). For reasons explained below, Plaintiff's motion for leave to supplement is granted, her motion to defer consideration of BLET's summary judgment motion is denied, BLET's motion is granted, and summary judgment is entered in favor of BLET.

## I. BACKGROUND

### A. Facts

The following facts are undisputed. Plaintiff was employed as an engineer with Amtrak for several years. Amtrak terminated Plaintiff's employment in November 2021, following an

investigation of alleged misconduct. BLET, Plaintiff's union, appealed Amtrak's decision, and the matter proceeded to arbitration before the Special Board of Adjustment ("SBA") 928.

On May 15, 2023, SBA 928 issued Award No. 656 denying BLET's appeal and upholding Plaintiff's termination. On May 16, 2023, BLET General Chairman Mark Kenny sent Plaintiff a copy of Award No. 656 with a letter explaining that the decision "constitutes the final and binding step of the Organization's appeal process in accordance with the collective bargaining agreement ['CBA']." ECF No. 51-3, Ex. 1. Plaintiff responded to Kenny by email on May 19, 2023, complaining about how Kenny handled her case and arguing that "old disciplinary charges" should have been removed from her record. *Id.*, Ex. 2.

On June 8, 2023, Plaintiff sent an email to BLET National President Edward Hall arguing that Kenny failed Plaintiff in his representation of her and citing provisions from the CBA that entitled her to relief. ECF No. 51-2, Ex. 1. Hall responded by letter on June 23, 2023, disputing and rejecting Plaintiff's interpretation of relevant provisions of the CBA. *Id.*, Ex. 2.

On July 19, 2023, Plaintiff filed a charge of discrimination against BLET with the Equal Employment Opportunity Commission ("EEOC") alleging that Kenny "is not honoring the [CBA] that states my discipline is expunged, failure to represent me fairly in my hearing, not responding to emails that I sent, not returning phone calls. Poor representation[.]" ECF No. 59-1.

On September 1, 2023, Plaintiff received a phone call from Rodney Johnson, a conductor allegedly involved in the incident led to Plaintiff's termination, during which Johnson advised that his employment had been reinstated. ECF No. 56-1, Ex. C.

### B. Procedural History

Plaintiff filed this civil action on February 8, 2024. *See* ECF No. 1. Following dismissal of her initial Complaint without prejudice, withdrawal and striking of her initial Amended Complaint

as improvidently filed, and denial of her motion for leave to file a Second Amended Complaint, *see* ECF Nos. 32 & 34, Plaintiff filed a motion for leave to file a Third Amended Complaint, ECF No. 35, which the Court granted in part and denied in part, ECF No. 45. Specifically, the Court denied leave to amend with respect to Plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII") as futile but sustained Plaintiff's claim against BLET for breach of the duty of fair representation ("DFR") under the Railway Labor Act ("RLA"). *Id.* Defendant then answered the Third Amended Complaint, ECF No. 48, and filed a motion for summary judgment, ECF No. 51. Plaintiff filed a response in opposition to Defendant's motion, ECF No. 54, and motion to defer consideration of Defendant's motion, ECF No. 55, and she later filed a document styled as a notice of supplemental authority, ECF No. 56.[1] Defendant filed a reply in support of its motion and response in opposition to Plaintiff's motion to defer consideration of summary judgment. ECF No. 57. Plaintiff then filed a motion for leave to supplement the record with an additional exhibit. ECF No. 59. Defendant filed a response stating that it did not oppose the motion but arguing that the additional exhibit did not alter the summary judgment analysis. ECF No. 60. Plaintiff then filed a final reply. ECF No. 61.

[1] The Court notes certain improprieties in Plaintiff's filings in response to Defendant's motion. Plaintiff's opposition brief amounts to 27 pages, *see* ECF No. 54, and attaches several exhibits, ECF Nos. 54-1 – 54-11, including a document styled as a statement of genuine disputes of material fact, ECF No. 54-11. The statement of genuine disputes of material fact is four pages long. *See id.* Plaintiff then filed the document styled as a notice of supplemental authority that, in truth, contains eight additional pages of legal argument about cases that were available to Plaintiff for briefing before she filed her opposition brief, ECF No. 56, at least some of which were cited in Defendant's opening brief, *see* ECF No. 51-1. Under the guise of a notice of supplemental authority, this document presents new arguments and exhibits in opposition to Defendant's summary judgment motion that were not included with Plaintiff's initial opposition brief. *See* ECF No. 56 at 4–6; ECF No. 56-1. Plaintiff's improper multi-part response in opposition to Defendant's summary judgment motion, when combined, effects an end-run around the page limit of 30 pages prescribed by Local Rule. *See* Loc. R. 105.3. However, the Court declines to strike Plaintiff's "notice of supplemental authority" in due consideration of Plaintiff's self-represented status, and because Defendant did not move to strike the improper document and instead addressed it on its merits in reply. *See* ECF No. 57.

## II. DEFENDANT'S RULE 56(a) MOTION

### A. Standard of Review

A court may grant a party's summary judgment motion under Federal Rule of Civil Procedure 56(a) if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Cybernet, LLC v. David*, 954 F.3d 162, 168 (4th Cir. 2020). A fact is "material" if it "might affect the outcome of the suit under the governing law[,]" and a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986) (emphasis removed); *see also Raynor v. Pugh*, 817 F.3d 123, 130 (4th Cir. 2016). A party can establish the absence or presence of a genuinely disputed fact through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A). The court must view all the facts, including reasonable inferences to be drawn from them, in the light most favorable to the nonmovant, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the court is not permitted to weigh the evidence, make credibility determinations, or decide the truth of disputed facts, *Anderson*, 477 U.S. at 249. "The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine dispute of material fact." *Med. Mut. Ins. Co. of N.C. v. Gnik*, 93 F.4th 192, 200 (4th Cir. 2024) (citing *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003)). The burden then shifts to the non-movant to "set forth specific facts showing that there is a genuine issue for trial." *Bouchat*, 346 F.3d at 522 (quoting Fed. R. Civ. P. 56(e)).

**B. Analysis**

Defendant argues that it is entitled to judgment as a matter of law under Rule 56(a) because there is no genuine dispute that Plaintiff's DFR claim under the RLA is barred by the applicable statute of limitations.[2] As noted in the Court's prior memoranda, a "six-month limitations period governs actions under the Railway Labor Act for . . . breach of the union's duty of fair representation." *Triplett v. Bhd. of Ry., Airline & S.S. Clerks, Freight Handlers, Exp. & Station Emps., Loc. Lodge No. 308*, 801 F.2d 700, 702 (4th Cir. 1986) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983)); *see also Dement v. Richmond, Fredericksburg & Potomac R. Co.*, 845 F.2d 451, 460 (4th Cir. 1988); *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991). As a general matter, "a cause of action for breach of the duty of fair representation accrues at the point where the grievance procedure has been exhausted or otherwise breaks down to the employee's disadvantage." *Dement*, 845 F.2d at 460 (quoting *Hayes v. Reynolds Metals Co.,* 769 F.2d 1520, 1522 (11th Cir. 1985)). The accrual date is determined by an objective standard; it is the date "the plaintiff knew, or should have known through the exercise of due diligence, that his claim had accrued[,]" *id.* (citing *Dozier v. Trans World Airlines, Inc.*, 760 F.2d 849, 851 (7th Cir. 1985)), that is, "when the plaintiff knows, or should have known, that the grievance procedure has been exhausted or otherwise broken down[,]" *Meekins*, 946 F.2d at 1057 (citing *Dement*, 845 F.2d at 460). "More specifically, when the breach of fair representation claim is based on the union's failure to pursue the grievance procedure, the claim accrues when the employee is notified

[2] Defendant raised the same argument in favor of dismissal of Plaintiff's DFR claim and denial of leave to amend. The Court rejected this argument in opposition to the DFR claim in Plaintiff's Third Amended Complaint because the date that claim accrued was not clear from the face of Plaintiff's pleading. *See* ECF No. 45 at 6. Defendant now offers evidence to establish the accrual date and argues that Plaintiff filed this action outside the limitations period.

that the union will not pursue the grievance procedure." *Hughley v. Sw. Airlines*, Civ. No. SAG-25-01031, 2026 WL 1791242, at *2 (D. Md. June 23, 2026) (citation omitted).

Defendant argues primarily that Plaintiff's DFR claim is time barred because it accrued no later than May 19, 2023, and she did not file suit until February 8, 2024—more than six months after the accrual date. Plaintiff does not dispute the six-month limitations period that applies to her claim or the objective standard for determining the date of accrual. She does dispute the accrual date, however.

There is no dispute that SBA Award No. 656 issued on or about May 15, 2023, and Kenny sent Plaintiff a copy on the following date with a letter. ECF No. 51-3, ¶ 3; ECF No. 54-2 at 23. Kenny's letter confirmed that BLET's appeal to rescind the discipline at issue was denied and was "the final and binding step of the Organization's appeal process in accordance with the collective bargaining agreement." ECF No. 51-3, Ex. 1. Plaintiff responded to Kenny by email on May 19, 2023, arguing that Kenny "neglect[ed] to remove the old disciplinary charges of [her] record[,]" that "[t]his old wrongful discipline affected the arbitrators [sic] decision[,]" and that "[Plaintiff's] case was not handled the way the conductors [sic] case was handled due to [Kenny's] negligence." ECF No. 51-3, Ex. 2; ECF No. 54-2 at 23–24. Plaintiff's DFR claim is largely based on the same contentions asserted in her May 19, 2023, email, supporting BLET's argument that the claim accrued on that date.

However, as Plaintiff emphasizes, she continued to seek relief through BLET after May 19, 2023, such that a fact-finder might reasonably conclude the grievance procedure had not yet been exhausted. On June 8, 2023, Plaintiff sent an email to BLET's National President, Edward Hall, in which she argued that she "should have been reinstated" following a wrongful termination "because of the discipline/case being expunged[,]" but Kenny failed Plaintiff in his representation

of her, citing certain provisions of the CBA. ECF No. 51-2, Ex. 1. On June 23, 2023, Hall responded to Plaintiff by letter rejecting her interpretation of the CBA. *Id.*, Ex. 2; ECF No. 51-4, ¶ 3; ECF No. 54 at 4, 11. This evidence may support a finding that Plaintiff's DFR claim accrued no earlier than June 23, 2023, when she received notice of Defendant's final position through Hall's letter. *See Meekins*, 946 F.2d at 1057 (DFR claim accrues "when the plaintiff knows, or should have known, that the grievance procedure has been exhausted or otherwise broken down") (citing *Dement*, 845 F.2d at 460); *Hughley*, 2026 WL 1791242, at *2 (DFR claim accrues "when the employee is notified that the union will not pursue the grievance procedure") (citation omitted). Indeed, based on the foregoing facts, Plaintiff argues in her opposition brief that "[a] reasonable factfinder could conclude that Defendant's representation continued through its review of Plaintiff's June 8, 2023 correspondence and culminated in the June 23, 2023 response." ECF No. 54 at 11. She further argues that "[a] reasonable factfinder could conclude that Defendant continued considering Plaintiff's contractual claims after May 19, 2023, and that Plaintiff reasonably understood Defendant's June 23, 2023 response to be the Union's final position regarding her request for continued representation." *Id.* at 14; *see also id.* at 21–22. After Defendant filed its reply brief, Plaintiff moved to supplement the record with a copy of an EEOC charge of discrimination dated July 19, 2023. ECF No. 59; ECF No. 59-1. The charge alleges that Kenny "is not honoring" the CBA and failed to represent Plaintiff fairly. ECF No. 59-1. Thus, it is clear from this exhibit that Plaintiff was aware that her DFR claim accrued no later than July 19, 2023. *See Dement*, 845 F.2d at 460 (DFR claim accrues on the date "the plaintiff knew, or should have known through the exercise of due diligence, that [her] claim had accrued") (citation omitted).

There may be a genuine dispute as to whether Plaintiff's claim accrued on May 19, 2023, or it accrued on June 23, 2023, or some other date before July 19, 2023, but any such dispute is

not one of *material* fact because, in any of these cases, Plaintiff's DFR claim would be barred by the six-month statute of limitations. Plaintiff did not file the instant suit until February 8, 2024. *See* ECF No. 1. Any DFR claim that accrued before August 8, 2023, is time barred. Put simply, it does not matter whether Plaintiff's DFR claim accrued on May 19, June 23, or any other date before July 19 or August 8, 2023; in any of these cases, her claim would be—and is—time barred.

In her "notice of supplemental authority," Plaintiff argues that her claim accrued not on May 19 or June 23, but on September 1, 2023. ECF No. 56. The evidence Plaintiff offers to support a September 1 accrual date is her declaration stating that she received a phone call from conductor Rodney Johnson on September 1, 2023, advising that "he had been reinstated to his employment with Amtrak." ECF No. 56-1, ¶¶ 1, 3. Plaintiff states that she had "continued seeking reinstatement and contractual assistance from BLET[,]" but learning of Johnson's reinstatement is "when [Plaintiff] understood that BLET would not obtain reinstatement for [Plaintiff] and that its representation had broken down to [Plaintiff's] disadvantage." *Id.* ¶ 5. Additionally, Plaintiff offers a document reflecting the phone call she received on September 1, 2023, *id.*, Ex. A, and an excerpt from her deposition transcript, *id.*, Ex. B.

Plaintiff's declaration and exhibits cannot rescue her claim. She offers no explanation as to what bearing news of Johnson's reinstatement had on Plaintiff's prospects of further representation and relief through BLET. On the contrary, Plaintiff acknowledged in her deposition that Johnson was a member of a different union altogether. ECF No. 56-1, Ex. B. Other evidence in the record establishes that Plaintiff became aware of BLET's final position no later than either June 23, 2023, when she received Hall's final response rejecting Plaintiff's contractual arguments—or July 19, 2023—when Plaintiff filed a charge with the EEOC complaining of BLET's failure to represent her fairly at arbitration. Any reasonable union member in Plaintiff's

position would have known at each of these points that her efforts with the union were exhausted and she had a claim for breach of DFR to pursue. *See Dement*, 845 F.2d at 460.

Plaintiff offers no evidence to suggest that she continued pursuing relief with BLET after June 23, 2023. But even if she did, and her declaration was sufficient to support that fact, Plaintiff's continued efforts to seek relief through BLET could not toll the six-month limitations period after she received multiple notices of the Union's final position. *See* ECF No. 51-3, Ex. 1 (Kenny's letter stating that SBA 928's decision "constitutes the final and binding step of the Organization's appeal process in accordance with the collective bargaining agreement"); ECF No. 51-2, Ex. 2 (Hall's letter rejecting Plaintiff's contractual arguments). As the Fourth Circuit recognized in *Meekins*, "a plaintiff may not toll the limitations period indefinitely by 'bombarding [the] union with tiresome requests for needless review . . . .'" 946 F.2d at 1057 (quoting *Dozier*, 760 F.2d at 852). And Plaintiff cites no authority for the proposition that her participation in administrative proceedings before the EEOC tolled the six-month limitations period for her DFR claim. Ultimately, Plaintiff's contention that her claim did not accrue until September 1, 2023, is unsupported by evidence and does not create a *genuine* dispute.

Ultimately, there is no genuine dispute of material fact that Plaintiff's DFR claim accrued long before August 8, 2023, rendering the filing of her civil action on February 8, 2024, untimely. *See Triplett*, 801 F.2d at 702.

## III. PLAINTIFF'S RULE 56(d) MOTION

In addition to filing an opposition to Defendant's summary judgment motion, Plaintiff filed a motion to defer consideration of Defendant's motion pursuant to Federal Rule of Civil Procedure 56(d). ECF No. 55.

> Rule 56(d) mandates that summary judgment be denied when the nonmovant "has not had the opportunity to discover information that

> is essential to his opposition."[] *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 195 (4th Cir. 2006) (internal quotation marks omitted). A court should hesitate before denying a Rule 56(d) motion when the nonmovant seeks necessary information possessed only by the movant. *Id.* at 196–97. But a court may deny a Rule 56(d) motion when the information sought would not by itself create a genuine issue of material fact sufficient for the nonmovant to survive summary judgment. *Id.* at 195.

*Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014) (footnote omitted). "To obtain Rule 56(d) relief, the non-moving party must show how discovery 'could possibly create a genuine issue of material fact sufficient . . . to survive summary judgment, or otherwise affect the court's analysis.'" *Collington v. Maryland*, Civ. No. GJH-20-966, 2021 WL 3172275, at *7 (D. Md. July 26, 2021) (quoting *Poindexter v. Mercedes-Benz Credit Corp.*, 792 F.3d 406, 411 (4th Cir. 2015)).

In support of her Rule 56(d) motion, Plaintiff offers a listing of discovery she contends is necessary to oppose Defendant's summary judgment motion, ECF No. 55-1, as well as a Rule 56(d) affidavit, ECF No. 55-2. The specified items of discovery include "comparator evidence, Rule 21 documents, internal Union communications, grievance and arbitration records, and any written agreement extending the contractual arbitration deadline[.]" ECF No. 55 at 9. Plaintiff asserts that this discovery is "necessary" to establish "whether Defendant fulfilled its Duty of Fair Representation[,]" "whether Defendant represented similarly situated employees differently[,]" and other issues related to the merits of her DFR and dismissed Title VII claims. ECF No. 55-1 at 19.

None of the specified items of discovery bear any relevance to the date Plaintiff's DFR claim accrued. Plaintiff states that she seeks discovery concerning the accrual of her DFR claim and argues that at least some of requested discovery "is directly related to Defendant's statute of limitations defense[,]" but she offers no explanation for these assertions. As explained in Part II.B *supra*, the accrual date for Plaintiff's DFR claim is determined based on when she knew or should

have known that her grievance procedure was exhausted or otherwise broke down to her disadvantage. *See Meekins*, 946 F.2d at 1057. Plaintiff fails to identify any evidence or information not available to her that is necessary to determine the accrual date. The Court is left with no reason to believe that Plaintiff lacks access to the information and evidence necessary to oppose Defendant's statute-of-limitations defense. Accordingly, her Rule 56(d) motion is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted, and Plaintiff's motion to defer consideration of summary judgment is denied. Plaintiff's motion for leave to supplement the record is granted as unopposed.

A separate Order will issue.

October 23, 2026
Date

Matthew J. Maddox
United States District Judge